1

2

3

4

5

6

7

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-7-13

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8

9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

10

11   BOBBIE EDELEN,                    )   Case No. CV 13-0535-R (RNB)
                                       )
12              Petitioner,            )
                                       )   ORDER SUMMARILY DISMISSING
13        vs.                          )   PETITION FOR WRIT OF HABEAS
                                       )   CORPUS
14   J.D. HARTLEY (Warden),            )
                                       )
15              Respondent.            )
                                       )
16   _____       )

17        Petitioner is a California state prisoner currently serving an indeterminate life

18   sentence for first degree murder. On January 24, 2013, he filed a Petition for Writ of

19   Habeas Corpus by a Person in State Custody herein. The Petition purports to be

20   challenging the outcome of a subsequent parole consideration hearing held on

21   January 31, 2012 at petitioner's place of incarceration.

22        The parole consideration hearing at issue took place before a two-member

23   panel of the Board of Parole Hearings (the "Board"). Petitioner was represented by

24   counsel. A Los Angeles County Deputy District Attorney also was present via

25   teleconference. After reviewing with petitioner various information from his file[1] and

26

27        [1]     At the outset of the hearing, petitioner's counsel advised the hearing

28                                                              (continued...)

1

affording petitioner and his counsel the opportunity to be heard, the Board panel advised of its conclusion that petitioner was "not suitable for parole supervision and would pose an unreasonable risk or danger to society if released from prison at this time." The panel also explained the basis for its conclusion. Accordingly, the panel denied parole for two years. (See Transcript of January 31, 2012 parole consideration hearing.)

It appears from the Petition and attachments thereto that petitioner filed habeas petitions in turn in the Superior Court, the California Court of Appeal, and the California Supreme Court, each of which was denied.

Petitioner is making the following claims herein:

1. The Board violated petitioner's federal and state constitutional rights to due process by impermissibly relying on petitioner's commitment offense in finding petitioner unsuitable for parole.

2. In finding petitioner unsuitable for parole, the Board impermissibly construed as unfavorable a psychological report that rated petitioner as a low to moderate risk, in violation of petitioner's "right to due consideration."

3. The Board violated petitioner's federal and state rights to "due consideration and process" when it denied parole because petitioner exercised his rights under California law to not speak with the panel about his commitment offense.

//
//

--------

[1](...continued)
panel and petitioner confirmed that petitioner would not be speaking directly to the panel, but rather would be speaking only through his counsel.

2

1    Preliminarily, the Court notes that, to the extent petitioner is claiming that the
2    Board's denial of parole violated California constitutional, statutory, regulatory,
3    and/or decisional law, his claims are not cognizable on federal habeas review. See
4    28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L.
5    Ed. 2d 385 (1991) (reiterating that "it is not the province of a federal habeas court to
6    reexamine state court determinations on state law questions"); Smith v. Phillips, 455
7    U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) (federal courts "may intervene
8    only to correct wrongs of constitutional dimension"); Langford v. Day, 110 F.3d
9    1380, 1389 (9th Cir.) ("We accept a state court's interpretation of state law, . . . and
10   alleged errors in the application of state law are not cognizable in federal habeas
11   corpus."), cert. denied, 522 U.S. 881 (1997).
12       To the extent petitioner is claiming that the Board's denial of parole violated
13   his federal constitutional right to due process, Swarthout v. Cooke, - U.S. -, 131 S.
14   Ct. 859 (2011), 178 L. Ed. 2d 732 (per curiam) is dispositive of his claim(s). There,
15   the Supreme Court rejected the Ninth Circuit's position on the standard of review
16   applicable to California parole denials.  The Supreme Court held that, even if a
17   California prisoner has a state-created liberty interest in parole, the only federal due
18   process to which a California prisoner challenging the denial of parole is entitled is
19   the minimal procedural due process protections set forth in Greenholtz v. Inmates of
20   Neb. Penal and Corrections Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d
21   668 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial).
22   See Cooke, 131 S. Ct. at 861-62.  The Supreme Court observed that, where the
23   records reflect that the prisoners were allowed to speak at the hearings and to contest
24   the evidence, were afforded access to their records in advance, and were notified as
25   to the reasons why parole was denied, "[t]hat should have been the beginning and the
26   end of the federal habeas courts' inquiry into whether [the prisoners] received due
27   process." See id. at 862.  Under the Supreme Court's decision in Cooke, "it is no
28   federal concern . . . whether California's 'some evidence' rule of judicial review (a

3

1    procedure beyond what the Constitution demands) was correctly applied." See id. at

2    862-63.

3          Here, as in Cooke, the record reflects that petitioner was allowed to speak at

4    the January 31, 2012 parole consideration hearing (although he elected only to speak

5    through counsel), was allowed to contest the evidence, was afforded access to his

6    records in advance, and was notified as to the reasons why parole was denied.

7    Indeed, petitioner is not contending in the Petition that he was denied the minimal

8    procedural due process protections set forth in Greenholtz.   While petitioner does

9    appear to be contending that the California courts incorrectly applied California's

10   "some evidence" rule, whether the California courts did so is not a federal concern

11   under the Supreme Court's decision in Cooke. See, e.g., Roberts v. Hartley, 640 F.3d

12   1042, 1046 (9th Cir. 2011) (reversing grant of habeas relief under former Ninth

13   Circuit standard in light of Cooke and holding that Due Process Clause satisfied

14   where petitioner had been permitted to speak on his own behalf at the hearing and

15   contest the evidence against him and where the Board had provided an explanation

16   of its decision); Wyrick v. Mendoza-Powers, 2011 WL 835550, at *1 (9th Cir. Mar.

17   10, 2011)[2] (affirming denial of habeas petition in light of Cooke where petitioner

18   claiming the Board's decision "was not supported by 'some evidence' and therefore

19   violated his due process rights," and not raising any procedural challenges); Kunkler

20   v. Muntz, 2011 WL 830647, at *1 (9th Cir. Mar. 9, 2011) (in light of Cooke, vacating

21   previous order affirming district court judgment granting habeas petition, and instead

22   reversing district court judgment).   Indeed, the Ninth Circuit is not even issuing

23   certificates of appealability where petitioners challenging the denial of parole are not

24   claiming that they were denied the minimal procedural due process protections set

25   forth in Greenholtz. See, e.g., Hibbert v. Kane, 468 Fed. Appx. 809, at *1 (9th Cir.

26

27         [2]   Ninth Circuit unpublished decisions are now citable for their persuasive

28   value per Ninth Circuit Rule 36-3.

4

Feb. 23, 2012); Rouse v. Goughnour, 467 Fed. Appx. 664, at *1 (9th Cir. Jan. 27, 2012); Deluna v. Curry, 447 Fed. Appx. 790, at *1 (9th Cir. Aug. 16, 2011).

IT THEREFORE IS ORDERED that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and that Judgment be entered accordingly.

DATED: March 6, 2013

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Robert N. Block
United States Magistrate Judge

5